IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAUN WOODY,<br><br>                Plaintiff,<br><br>v.<br><br>DAVID STANLEY CONSULTANTS, LLC, and AMERICAN COAL COMPANY,<br><br>                Defendants. | Case No. 19-cv-639-NJR-GCS |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On October 29, 2019, the Court was notified that American Coal Company (a subsidiary of Murray Energy Holdings Company) filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of Illinois (Doc. 20). On October 30, 2019, the Court subsequently ordered the parties to brief the issue of the automatic bankruptcy stay, 11 U.S.C. § 362, and whether this case should be stayed completely or only as to Defendant American Coal Company (Doc. 21).

On November 13, 2019, the parties filed their responses (Docs. 24 and 25). Plaintiff argues that "the clear language of Section 362(a)(1) . . . extends the automatic stay provision only to the debtor filing bankruptcy proceedings and not to non-bankrupt co-defendants," citing *Pitts v. Unarco Industries, Inc.*, 698 F.2d 313, 314 (7th Cir. 1983).

Defendant David Stanley Consultants, LLC argues, however, that while an automatic stay is generally limited to debtors, courts will stay a case as to non-debtor defendants when the debtor is an indispensable party and a district court has the inherent

power to stay proceedings when the interests of justice require. Thus, David Stanley Consultants, LLC argues that the case should be completely stayed because American Coal Company is an indispensable party given the common questions of law and fact that must be addressed against both Defendants (Doc. 24). Further, it argues that staying the case is in the interest of judicial economy because it will prevent discovery against the debtor during the bankruptcy, will prevent wasteful and duplicative litigation, and will cause Plaintiff no prejudice (*Id.*).

The Court agrees with Defendant David Stanley Consultants, LLC that a stay of the entire proceeding is appropriate since Defendant American Coal Company is an indispensable party. *See, e.g., Burk ex rel. Burk v. Steve & Barry's Illinois, LLC*, No. 07-CV-0349-MJR, 2008 WL 4900717, at *2 (S.D. Ill. Nov. 13, 2008) (the plaintiff alleged race discrimination against two defendants, one defendant entered Chapter 11 bankruptcy, and the court stayed the entire case after concluding that the debtor was an indispensable party). The allegations against Defendants share facts in common, give rise to the same questions of law as to racial discrimination/harassment in violation of Title VII, and seek damages and attorney's fees from each defendant (Doc. 1).

Further, the interests of justice and judicial economy warrant a stay for the reasons cited by David Stanley Consultants, LLC. Considering the intertwined nature of Plaintiff's claims against both Defendants and the Defendants' relationships, requiring Plaintiff to proceed against David Stanley Consultants, LLC would cause prejudice to both Defendants. To the contrary, Plaintiff has cited to no real prejudice that would result from a complete stay.

Accordingly, the Court **STAYS** this case as to all proceedings. The parties shall

notify the Court when the bankruptcy proceeding has concluded. Counsel for Defendant American Coal Company is **DIRECTED** to file a status report **on or before May 4, 2020** advising the Court as to any developments in the bankruptcy proceeding.

**IT IS SO ORDERED.**

DATED:   November 26, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**